UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, Plaintiff, | ) | |
| v. | ) | No. 3:18-CR-36-TAV-DCP-2 |
| DERRICK S. SEALS, Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case came before the Court on March 1, 2019, for a motion hearing on the Defendant's pro se Motion to Appoint New Counsel [Doc. 429], filed on February 5, 2019. Assistant United States Attorney Caryn Hebets was present representing the Government. Attorney Kimberly Parton was present representing the Defendant, who was also present.

In his pro se motion, the Defendant states that he has lost confidence in his counsel's ability to represent him in this case. Among his complaints, the Defendant asserts that Ms. Parton did not explain the applicable Guidelines to him and that he felt intimidated and unfamiliar with the plea agreement. The motion explains that the Defendant has lost trust in Ms. Parton's ability to counsel him effectively, and that he wishes for the Court to appoint another attorney to represent him.

Before sealing the hearing to allow Ms. Parton and the Defendant to speak freely outside of the presence of the Government, Ms. Parton explained in great detail the procedural posture of the case. Ms. Parton explained that the Defendant was originally named in the first Indictment in

this case, but was then charged in the Superseding Indictment with eight new substantive charges. Additionally, Ms. Parton detailed the subsequent negotiations with the Government, required amendments to the plea agreement, and her review of the amended plea agreement with the Defendant over the telephone. AUSA Hebets stated that she agreed with Ms. Parton's portrayal of the posture of the Defendant's case, and that the Government took no position on Defendant's motion.

The Court then conducted a sealed, *ex parte* hearing in order to learn the nature and extent of the problems with the attorney-client relationship. During the sealed portion of the hearing, Ms. Parton and the Defendant discussed the issues connected to his plea agreement and pending sentencing that resulted in the Defendant filing the present motion. Without going into the confidential nature of that discussion, the Court finds that Ms. Parton has been diligently working on behalf of the Defendant and that the breakdown in communication has largely resulted from the Defendant not being held locally. The Court further concludes that the issues discussed are not of such a nature and extent that the attorney-client relationship is compromised beyond repair. Both Ms. Parton and the Defendant agreed that they could continue to work together in an effort to resolve the issues. Accordingly, the Court finds that the Defendant has not shown good cause for the appointment of new counsel. *See Wilson v. Mintzes*, 761 F.2d 275, 280 (6th Cir. 1985) (explaining that good cause must be shown to warrant substitution of counsel, such as a conflict of interest, a complete breakdown in communication, or an irreconcilable conflict with counsel).

Ultimately, the Court finds that the underlying issues described during the sealed portion of the hearing are insufficient to prevent Ms. Parton from providing competent representation. As a result, the Court finds that there has not been an irreparable breakdown in communication or the

attorney-client relationship. Therefore, Defendant's pro se Motion to Appoint New Counsel [**Doc. 429**] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge