UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) No.: 3:18-CR-36-TAV-DCP-2
)
DERRICK S. SEALS, )
)
Defendant. )

## MEMORANDUM OPINION AND ORDER

This criminal case is before the Court on defendant's pro se motion for a sentence reduction [Doc. 915]. Defendant requests that the Court resentence him (i) due to extraordinary and compelling reasons; and (ii) pursuant to 18 U.S.C. § 3582(c)(2) and in accordance with Amendment 821 to the United States Sentencing Guidelines Manual. The Federal Defender Services of Eastern Tennessee filed a notice of no intention to supplement defendant's motion [Doc. 916]. The government responded in opposition [Doc. 922]. For the following reasons, defendant's motion for a sentence reduction [Doc. 915] will be **DENIED**.

## I. Factual Background

On August 15, 2018, defendant pled guilty to conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(A) (Count 1), possession of a firearm in furtherance of a drug trafficking offense, in violation

of 18 U.S.C. § 924(c)(1)(A)[1] (Count 5), and conspiracy to commit money laundering, in violation of 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) (Count 25) [Doc. 156, 164].

In calculating defendant's guideline range, the revised presentence investigation report ("RPSR") calculated a total of seven criminal history points based on defendant's prior convictions and then added two "status points" because defendant committed the instant offense while on probation in Caliborne County General Sessions Court [PSR ¶¶ 104–05]. Based on a total criminal history score of nine, defendant was assigned a criminal history category of IV [*Id.* ¶ 106]. Based on a total offense level of 39 and a criminal history category of IV, his guideline range was calculated as 360 months to life [*Id.* ¶ 124]. However, based on the Sentencing Commission's definition of "life" as 470 months, and the 60-month mandatory consecutive sentence for Count 5,[2] the RPSR calculated the effective guideline range as 420 to 530 months [*Id.*].

The Court ultimately sentenced defendant to 240 months' imprisonment, consisting of 180 months as to Count 1, 60 months as to Count 25, to run concurrently, and 60 months as to Count 5, to run consecutively [Doc. 546]. According to the Bureau of Prisons' website, defendant is presently scheduled for release on June 20, 2035. Inmate Locator, Federal Bureau of Prisons, *available at* https://www.bop.gov/inmateloc/ (accessed June 2, 2026).

---

[1] The second amended plea agreement appears to contain a typographical error, indicating that this offense occurred in violation of "18 21 U.S.C. § 924(c)(1)(A)" [Doc. 156, p. 1].

[2] The RPSR appears to contain a typographical error reflecting that Count 25, rather than Count 5, was the § 924(c) conviction, which carries a mandatory 60-month consecutive sentence.

2

## II.  Compassionate Release

### A.  Standard of Review

A court generally lacks "the authority to change or modify [a sentence, once imposed,] unless such authority is expressly granted by statute." *United States v. Thompson*, 714 F.3d 946, 948 (6th Cir. 2013) (citing *United States v. Curry*, 606 F.3d 323, 326 (6th Cir. 2010)). "One exception—commonly referred to as 'compassionate release'—permits the court to reduce a term of imprisonment if it finds, among other things, that 'extraordinary and compelling reasons warrant such a reduction.'" *Rutherford v. United States*, 608 U.S. ___, slip op. at 1 (2026) (quoting 18 U.S.C. § 3582(c)(1)(A)(i)). The First Step Act of 2018's amendment of § 3582(c)(1)(A) revised this exception. First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (2018); *Rutherford*, slip op. at 4. Prior to the First Step Act, a district court could grant relief under § 3582(c)(1)(A) only on motion of the Director of the Bureau of Prisons. Now a court may modify a defendant's sentence upon a motion by a defendant if the defendant has exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or after the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A).

If the defendant surmounts this preliminary hurdle, the Court may grant a sentence reduction "after considering the factors set forth in § 3553(a) to the extent that they are applicable" if it finds:

(i) extraordinary and compelling reasons warrant such a reduction; or

(ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

*Id*. Defendant seeks relief under § 3582(c)(1)(A)(i) [Doc. 239].

If the exhaustion requirement is satisfied, courts must then follow the statute's three-step test:

At step one, a court must "find[ ]" whether "extraordinary and compelling reasons warrant" a sentence reduction. At step two, a court must "find[ ]" whether "such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." The Commission's policy statement on compassionate release resides in U.S.S.G. § 1B1.13. Thus, if § 1B1.13 is still "applicable," courts must "follow the Commission's instructions in [§ 1B1.13] to determine the prisoner's eligibility for a sentence modification and the extent of the reduction authorized." At step three, "§ 3582(c)[(1)(A)] instructs a court to consider any applicable § 3553(a) factors and determine whether, in its discretion, the reduction authorized by [steps one and two] is warranted in whole or in part under the particular circumstances of the case."

*United States v. Jones*, 980 F.3d 1098, 1107–08 (6th Cir. 2020) (internal citations omitted).

In considering a compassionate release motion, "district courts may deny compassionate release motions when any of the three prerequisites listed in § 3582(c)(1)(A) is lacking and do not need to address the others" but must "address all three steps" if granting such a motion. *United States v. Elias*, 984 F.3d 516, 519 (6th Cir. 2021).

4

### B. Analysis

#### 1. Exhaustion

The Court first examines whether defendant has satisfied § 3582(c)(1)(A)'s exhaustion requirement, which is a mandatory prerequisite to consideration of a compassionate release request on the merits. *United States v. Alam*, 960 F.3d 831, 833–34 (6th Cir. 2020). "When 'properly invoked,' mandatory claim-processing rules 'must be enforced.'" *Id.* at 834 (quoting *Hamer v. Neighborhood Hous. Servs. of Chi.*, 138 S. Ct. 13, 17 (2017)). The only exceptions to such a mandatory claim-processing rule are waiver and forfeiture. *Id.* (citing *United States v. Cotton*, 535 U.S. 625, 630 (2002)).

In this case, the government concedes that the exhaustion requirement has been satisfied [Doc. 922, p. 2]. Accordingly, the Court will proceed to evaluate defendant's compassionate release request according to the three-step test explained above.

#### 2. Extraordinary and Compelling Reasons

Turning to whether defendant has set forth extraordinary and compelling grounds for relief, the Court first notes that the United States Court of Appeals for the Sixth Circuit previously held that "[i]n cases where incarcerated persons file motions for compassionate release, federal judges may skip step two of the § 3582(c)(1)(A) inquiry and have full discretion to define 'extraordinary and compelling' without consulting the policy statement of § 1B1.13." *United States v. Jones*, 980 F.3d 1098, 1111 (6th Cir. 2020). This was so because the applicable policy statement, United States Sentencing Guideline § 1B1.13, as written at the time, did not contemplate inmate-filed motions for compassionate release,

but instead, was limited to circumstances where the Bureau of Prisons filed a motion on an inmate's behalf. *Id.* at 1109–10; *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2018).

However, the Sentencing Commission amended the policy statement in § 1B1.13, effective November 1, 2023, to encompass inmate-filed motions for compassionate release. U.S. SENT'G GUIDELINES MANUAL § 1B1.13 (U.S. SENT'G COMM'N 2023). It thus appears that the Sixth Circuit's prior ruling that § 1B1.13 is not an applicable policy statement to inmate-filed motions for compassionate release is no longer consistent with the Guidelines. *See United States v. Nash*, No. 23-3635, 2024 WL 1979067, at *3 (6th Cir. Apr. 30, 2024) (noting the amendment to § 1B1.13 and stating that "prior to [the date of amendment], no guideline policy statement applied to compassionate-release motions brought by defendants, and a district court could deny a defendant-filed motion without reference to any policy statement"); *see also United States v. Ringgold*, No. ELH-17-232, 2023 WL 7410895, at *5–6 (D. Md. Nov. 8, 2023) ("[I]t appears that the Fourth Circuit's conclusion in *McCoy*, 981 F.3d at 281, to the effect that '§ 1B1.13 is not an 'applicable' policy statement,' is no longer consistent with the Guidelines. This is because the Policy Statement is now expressly applicable to defendant-filed motions pursuant to 18 U.S.C. § 3582(c)(1)(A)."). However, "[t]he new policy statement largely preserves the discretion district courts held to consider any extraordinary and compelling reason for release." *United States v. Davis*, No. 3:20-cr-16, 2023 WL 7356579, at *2 (W.D. N.C. Nov. 7, 2023).

6

As amended, § 1B1.13(b) states that "[e]xtraordinary and compelling reasons exist under any of the following circumstances or a combination thereof," and discusses when the medical circumstances of the defendant, the age of the defendant, the family circumstances of the defendant, the defendant's victimization in custody, and other reasons may constitute extraordinary circumstances. U.S. Sent'g Guidelines Manual § 1B1.13(b)(1)–(6).

Recently, the Supreme Court provided some guidance as to the meaning of the term "extraordinary and compelling." "The term 'extraordinary' means 'most unusual,' 'far from common,' or 'having little or no precedent.'" *Rutherford*, slip op. at 8. "'Compelling,' meanwhile, means 'tending to convince or convert by or as if by forcefulness of evidence.'" *Id.* "Putting these definitions together 'extraordinary and compelling' reasons for compassionate release are those that are especially unusual and convincing." *Id.* at 8–9. Thus "[w]hile the terms 'extraordinary' and 'compelling' leave room for judgment, they are not so flexible as to encompass any consideration." *Id.* at 11. Rather, "[t]heir meaning depends on context: A reason is 'extraordinary' and 'compelling' only if it is sufficiently unusual and convincing to 'warrant' compassionate release." *Id.*

Defendant raises two arguments as "extraordinary and compelling" grounds for compassionate release: (1) the recognition by some courts of a policy disagreement with the Sentencing Guidelines' treatment of methamphetamine purity; and (2) a generalized shift in the treatment of simple possession of marijuana cases, and the possibility of granting a downward variance on the basis that his criminal history, including two simple

7

possession of marijuana convictions, is overstated [Doc. 915, pp. 2–5]. But neither of these arguments fall within the Guidelines' policy statement regarding circumstances that could be deemed extraordinary and compelling for purposes of compassionate release. Nor does the Court find that either of these arguments could be deemed extraordinary and compelling.

First, as to the fact that some courts have expressed disagreement with the Guidelines based on methamphetamine purity, such argument is proper at sentencing, and is does not rise to the level of an "extraordinary" or "compelling" ground for compassionate release. Indeed, the Guidelines' distinction between "actual" methamphetamine and "mixture" methamphetamine is regularly applied by this Court, and courts across the country. And such an ordinary practice cannot be deemed "extraordinary." *See Rutherford*, slip op. at 9. Moreover, while a district court may disagree with a guideline for policy reasons, it does not follow that a district court must disagree with the applicable guideline range or reject that range based on such disagreement. *United States v. Kamper*, 758 F.3d 728, 742 (6th Cir. 2014). This Court regularly rejects requests for downward variances at sentencing based on this methamphetamine purity argument. *See, e.g., United States v. Bryan Cornelius*, No. 3:19-cr-220, *United States v. Mahlon Prater*, No. 3:19-cr-151. Thus, the Court does not find that such argument is extraordinary or compelling.

Second, defendant's suggestion that a downward variance could be warranted based on the fact that he received two criminal history points for simple possession of marijuana convictions is, once again, an argument that should have been raised at sentencing, not in

8

a compassionate release request. And, regardless, the Court does not find that such suggestion that defendant "may" qualify for a downward variance to amount to the high standard of an "extraordinary and compelling" ground warranting his release.

Given that the Court has rejected each of defendant's extraordinary and compelling arguments, his motion [Doc. 915] is hereby **DENIED** insofar as he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(2).

## III. Amendment 821

### A. Standard of Review

"Federal courts are forbidden, as a general matter, to modify a term of imprisonment once it has been imposed, but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011) (internal citation and quotation marks omitted). One exception is identified in 18 U.S.C. § 3582(c)(2):

> [I]n the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . , the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The United States Supreme Court has interpreted § 3582(c)(2) as setting forth two requirements for a sentence reduction. First, "the defendant [must] ha[ve] been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" *United States v. Riley*, 726 F.3d 756, 758 (6th Cir. 2013) (internal quotation marks and citation omitted). Second, "such reduction [must be] consistent with applicable policy statements issued by the Sentencing Commission." *Id.*

9

(internal quotation marks omitted). If the reviewing court determines that the defendant is eligible for a sentence reduction, then "[t]he court may then 'consider whether the authorized reduction is warranted, either in whole or in part, according to the factors set forth in § 3553(a).'" *United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (quoting *Dillon v. United States*, 560 U.S. 817, 826 (2010)).

In determining whether a defendant has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, the Court must first determine "the amended guideline range that would have been applicable to the defendant had the relevant amendment been in effect at the time of the initial sentencing." *Dillon*, 560 U.S. at 827 (internal quotation marks and citation omitted); *see also* U.S. SENT'G GUIDELINES MANUAL § 1B1.10(b)(1) (U.S. SENT'G COMM'N 2023). Other than substituting Amendment 821 for the corresponding provision applicable when the defendant was originally sentenced, the Court "shall leave all other guideline application decisions unaffected." *Id.* And the Court "shall not" reduce a defendant's term of imprisonment to a term "less than the minimum of the amended guideline range," nor to a term "less than the term of imprisonment the defendant has already served." *Id.*; U.S. SENT'G GUIDELINES MANUAL § 1B1.10(b)(2)(A), (C).[3] In addition to these limits, section 1B1.10 states that a court must also consider the § 3553

---

[3] Section 1B1.10 provides one exception to the rule that a defendant may not receive a sentence below the amended guideline range—namely, if the defendant originally received a below-guideline sentence "pursuant to a government motion to reflect the defendant's substantial assistance to authorities." U.S. SENT'G GUIDELINES § 1B1.10(b)(2)(B).

factors and the danger to the public created by any reduction in a defendant's sentence. U.S. SENT'G GUIDELINES MANUAL § 1B1.10 cmt. n.1(B)(ii). A court may further consider a defendant's post-sentencing conduct. *Id.* at n.1(B)(iii).

### B. Analysis

Amendment 821 to the Guidelines, which became effective on November 1, 2023, has two relevant parts. U.S. SENT'G GUIDELINES MANUAL Supp. to App. C, amend. 821. First, Amendment 821 revises section 4A1.1's provision for the addition of "status points" to a defendant's criminal history points if the defendant committed the offense of conviction while under a criminal justice sentence. *Id.* Section 4A1.1(d) previously provided for two criminal history points to be added if the defendant committed the offense of conviction while under any criminal justice sentence. *Id.* Under Amendment 821, section 4A1.1(e) now provides for the addition of one criminal history point "if the defendant: (1) receives 7 or more points under subsections (a) through (d), and (2) committed the instant offense while under any criminal justice sentence, including probation, parole, supervised release, imprisonment, work release, or escape status." *Id.* A defendant with less than seven criminal history points receives no additional "status points" under § 4A1.1. *Id.*

Secondly, Amendment 821 adds new section 4C1.1, which provides certain "zero-point offenders" with a two-level reduction to their offense level. *Id.* The two-level reduction applies if a defendant meets all of the following criteria:

(1)     the defendant did not receive any criminal history points from Chapter Four, Part A;

11

(2) the defendant did not receive an adjustment under §3A1.4 (Terrorism);

(3) the defendant did not use violence or credible threats of violence in connection with the offense;

(4) the offense did not result in death or serious bodily injury;

(5) the instant offense of conviction is not a sex offense;

(6) the defendant did not personally cause substantial financial hardship;

(7) the defendant did not possess, receive, purchase, transport, transfer, sell, or otherwise dispose of a firearm or other dangerous weapon (or induce another participant to do so) in connection with the offense;

(8) the instant offense of conviction is not covered by §2H1.1 (Offenses Involving Individual Rights);

(9) the defendant did not receive an adjustment under §3A1.1 (Hate Crime Motivation or Vulnerable Victim) or §3A1.5 (Serious Human Rights Offense); and

(10) the defendant did not receive an adjustment under §3B1.1 (Aggravating Role) and was not engaged in a continuing criminal enterprise, as defined in 21 U.S.C. § 848[.]

*Id.* Pursuant to Amendment 825, the Sentencing Commission amended section 1B1.10(d) to include these portions of Amendment 821 in the list of retroactive amendments. U.S. SENT'G GUIDELINES MANUAL Supp. to App. C, amend. 825. The Sentencing Commission also amended section 1B1.10(e) to specify that "[t]he court shall not order a reduced term of imprisonment based on . . . Amendment 821 unless the effective date of the court's order is February 1, 2024, or later." *Id.*

Here, defendant appears to seek a sentence reduction under § 4A1.1 of Amendment 821, which reduced the "status points" added to defendant's criminal history [Doc. 915, p. 5]. Because defendant's prior convictions yielded seven criminal history point, under § 4A1.1, defendant only qualifies for one criminal history point, resulting in a total criminal history score of 8. But a criminal history score of 7, 8, or 9 results in a criminal history category of IV. *See* UNITED STATES SENT'G GUIDELINES MANUAL, Sentencing Table.

12

Accordingly, defendant's guideline range is unchanged by Amendment 821. As a result, defendant was not sentenced to at erm of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission, and the Court lacks authority to reduce his sentence under § 3582(c)(2) and Amendment 821. U.S. SENT'G GUIDELINES MANUAL § 1B1.10(a)(2)(B). Defendant's motion [Doc. 915] is thus **DENIED** insofar as he seeks compassionate release pursuant to 18 U.S.C. § 3582(c)(2).

## IV.    Conclusion

For the reasons stated above, defendant's motion for a sentence reduction [Doc. 915] is **DENIED**.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE
